# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER JAMES SUONG,<br><br>    Petitioner,<br><br>v.<br><br>CRAIG KOENIG,<br><br>    Respondent. | Case No. 1:20-cv-00347-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the instant petition, Petitioner challenges one of his 2007 convictions in the Fresno County Superior Court for committing a lewd act against a minor. As Petitioner has sought federal habeas relief with respect to the challenged conviction previously, the undersigned recommends that the petition be dismissed pursuant to 28 U.S.C. § 2244(b) as an unauthorized successive petition.

**I.**

**DISCUSSION**

    Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A federal court must dismiss a second or

successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In the instant petition, Petitioner challenges one of his 2007 convictions in the Fresno County Superior Court for committing a lewd act against a minor. (ECF No. 1 at 1, 5, 17).[1] Petitioner previously sought federal habeas relief in this Court with respect to the same conviction twice. See Suong v. Cate, No. 1:11-cv-01480-LJO-JLT (dismissed as untimely); Suong v. Hatton, No. 1:17-cv-01749-DAD-SAB (dismissed as successive). Accordingly, the Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive").

As Petitioner has already filed petitions for writ of habeas corpus regarding his 2007 conviction, he cannot file another petition in this Court regarding the same conviction without

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1 | first obtaining permission from the United States Court of Appeals for the Ninth Circuit. Here,
2 | Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his
3 | successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed
4 | application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S.
5 | at 157.

## II.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 1, 2020**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE