UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER JAMES SUONG,<br><br>    Petitioner,<br><br>    v.<br><br>CRAIG KOENIG,<br><br>    Respondent. | Case No. 1:20-cv-00347-AWI-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 6) |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 1, 2020, the Magistrate Judge issued Findings and Recommendation that recommended dismissing the petition as an unauthorized successive petition. (ECF No. 6). On April 20, 2020, Petitioner filed timely objections. (ECF No. 8).

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis.

    In his objections, Petitioner contends that his petition is timely and ripe for relief because he is attacking a recent state court decision that dismissed a petition for writ of coram nobis. (ECF No. 8 at 2).[1] The Court recognizes that "[h]abeas petitions that are filed second-in-time are

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

not necessarily second or successive." Clayton v. Biter, 868 F.3d 840, 843 (9th Cir. 2017). For example, "a habeas petition that challenges a new or intervening judgment is not a second or successive petition even where the intervening judgment left in place an earlier challenged conviction and sentence." Id. at 843–44 (citing Wentzell v. Neven, 674 F.3d 1124 (9th Cir. 2012)). However, the Court is unaware of any authority holding that a state court's order dismissing a petition for writ of coram nobis constitutes a new or intervening judgment from which an otherwise successive habeas petition may be filed. The instant federal petition is not challenging the state court decision that dismissed Petitioner's petition for writ of coram nobis but rather Petitioner's underlying criminal judgment pursuant to which he is in custody. See Magwood v. Patterson, 561 U.S. 320, 332–33 (2010) ("A § 2254 petitioner 'seeks *invalidation (in whole or in part) of the judgment* authorizing the prisoner's confinement,' . . . Thus, both § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." (internal citation omitted)).

Petitioner also contends that he is actually innocent. (ECF No. 8 at 4). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). However, the actual innocence gateway does not abrogate 28 U.S.C. § 2244(b)(2)(B), the provision governing successive petitions. Gage v. Chappell, 793 F.3d 1159, 1168–69 (9th Cir. 2015). Even assuming that a freestanding actual innocence claim is cognizable,[2] Petitioner "does not meet the threshold requirement . . . that, *in light of the new evidence*, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 329 (1995) (emphasis added); see Jones v. Taylor, 763 F.3d 1242, 1247 (9th Cir. 2014) ("While we have not articulated the precise showing required, we have discussed the standard for a freestanding actual innocence claim by reference to the *Schlup* 'gateway' showing[.]"). Petitioner's claim of actual innocence appears to be based on transcripts from his 2007 criminal trial and various pretrial proceedings. However, such evidence

---

[2] "We have not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceeding in the non-capital context, although we have assumed that such a claim is viable." Jones v. Taylor, 763 F.3d 1242, 1246 (9th Cir. 2014).

2

is not new given that it consists of portions of the existing state court record that Petitioner has had access to for several years.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, reasonable jurists would not find the Court's determination that Petitioner's habeas petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on April 1, 2020 (ECF No. 6) is ADOPTED IN FULL;
2. The petition for writ of habeas corpus is DISMISSED;
3. The Clerk of Court is DIRECTED to CLOSE the case; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   December 4, 2020                                     _____
                                                              SENIOR DISTRICT JUDGE